UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-00082-TWP-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| LOGAN MEDIATE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:14-cr-00082-TWP-TAB |
| LOGAN MEDIATE, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

This matter is before the Court on a Motion for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A) filed by *pro se* Defendant Logan Mediate ("Mediate").[1] (Dkt. 96.) For the reasons explained below, his motion is **denied**.

### I.   BACKGROUND

In April 2015, Mediate pled guilty to Count One: Tampering with a Federal Witness, in violation of 18 U.S.C. § 1512(a)(2)(C), and Count Three: Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(B)(i). (Dkt. 52). During the factual basis to his plea, Mediate admitted that he intimidated a federal witness—a confidential informant who he believed had set up his mother for a federal drug offense and would be testifying against her—when he had a shotgun present and told the witness to move from the neighborhood or Mediate would kill him. (Dkt. 64 at 22-23.)

---

[1] Mediate previously filed a motion for resentencing or release, (Dkt. 89), which the Court denied, (Dkt. 91). He contends that the Court misconstrued the prior motion as a second motion for relief under 28 U.S.C. § 2255 and asks the Court to "revive" his previous motions and consider his request for release. (Dkt. 96.) The Court denies the motion to the extent it requests reconsideration of prior motions for relief but will consider relevant exhibits and arguments from Mediate's prior submissions to the Court. Based on the contents of the remaining portions of Mediate's instant motion and his requested relief, the Court construes the instant motion as a request for relief under 18 U.S.C. § 3582(c)(1)(A).

2

Mediate faced a sentencing guidelines range of 37 to 46 months on Count One plus 120 months on Count Three. (Dkt. 44 at 20.) In compliance with the terms of his binding Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, he was sentenced to 120 months of imprisonment on Count One, followed by 36 months consecutive on Count Three, for a total of 156 months of imprisonment. (Dkt. 52 at 2.) Mediate was also sentenced to 5 years of supervised release following his term of imprisonment. *Id.* at 3. The Bureau of Prisons ("BOP") lists Mediate's anticipated release date (with good-conduct time included) as March 26, 2026. https://www.bop.gov/inmateloc/ (last visited November 20, 2023).

Mediate argues that extraordinary and compelling reasons for compassionate release exists because (1) he is needed at home to provide childcare for his children, and (2) he would be subject to a different mandatory minimum sentence were he sentenced today. (Dkt. 96 at 1, 2.) The Court has concluded that it can resolve the motions without a response from the Government.

## II.   DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing

3

'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mediate writes that he has only been out of prison for 39 months since he was 14 years old. He lost a year of good time during the current imprisonment and with that good time credit, he would have been released in early 2024. (Dkt. 96 at 2.) Mediate contends that he needs to be at home helping to care for his children. His 14-year-old daughter is in the custody of the Indiana Department of Child Services, (Dkt. 89 at 2), and his 13-year-old son is in the care of Mediate's father who is in poor health, (Dkt. 96 at 1). However, Mediate has provided no evidence showing that his father is incapacitated or unable to continue to care for his son. Regarding his daughter, it appears that Mediate does not anticipate caring for her even if he is released, as he has previously indicated that only his son will be living with him. (Dkt. 90 at 2.) As such, the Court declines to exercise its discretion to find that Mediate has met his burden to establish that the desire to care for his children is an extraordinary and compelling reason to grant relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor.

Mediate also contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. For several years, the Seventh Circuit has repeatedly affirmed its conclusion that non-retroactive statutory changes and new judicial decisions are not extraordinary and compelling reasons for granting compassionate release, whether considered alone or in combination with any other factors. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i) and that district court cannot consider change, whether alone or in combination with any other factor, when determining whether

4

defendant has established extraordinary and compelling reasons potentially warranting a sentence reduction). As summarized by the Seventh Circuit:

> When deciding whether "extraordinary and compelling reasons", 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... *There's nothing "extraordinary" about new statutes or caselaw*, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255.

*United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (emphasis added; cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")). Under the *Thacker* line of cases, any potential sentencing disparity created by non-retroactive sentencing law changes clearly does not qualify as an extraordinary and compelling reason potentially warranting a sentence reduction, and the Court would abuse its discretion were it to find otherwise.

As of November 1, 2023, the United States Sentencing Commission's amended Guidelines Manual (last visited Nov. 1, 2023) identifies several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adoptedamendments-effective-november-1-2023 One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

The *Thacker* line of cases can be read to hold that the statutory definition of "extraordinary" does not extend to law changes, which means there is a question about whether the Sentencing Commission exceeded its authority when it added this item to the list of potentially extraordinary and compelling reasons warranting a sentence reduction under § 3582(c)(1)(A)(i). *See United States v. LaBonte*, 520 U.S. 751, 757 (1997) ("Broad as [the Commission's] discretion may be, however, it must bow to the specific directives of Congress."). The Court need not, however, reach that question in Mediate's case because—even if the Sentencing Commission was within its authority to adopt § 1B1.13(b)(6)—Mediate has not yet served the mandatory minimum 10 years of his term of imprisonment and, thus, cannot rely on that section to establish extraordinary and compelling reasons potentially warranting a sentence reduction. For these reasons, the Court finds that Mediate has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

Even if the Court were to assume that Mediate had established an extraordinary and compelling reason, however, the Court nevertheless finds that he is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] Weighing in his favor, he will have a residence and employment upon release. (Dkt. 90 at 2.) He reports that he has learned his lesson and grown up during his incarceration and has completed

---

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

programming while in BOP. (Dkt. 89 at 2, Dkt. 96 at 2). Weighing against him, Mediate committed a serious crime, and his criminal history includes an adult felony conviction for robbery. (Dkt. 44 at 10.) Further, while Mediate argues that he might receive a lower sentence if sentenced today, that fact is not enough to tip the balance in favor of release here because he signed a binding plea agreement pursuant to Rule 11(c)(1)(C) wherein he agreed to a sentence of 156 months' imprisonment on Counts One and Three of the Indictment in exchange for the Government dismissing Counts Two, Four, and Five of the Indictment. (Dkt. 38 at 4.) Considering that he signed a binding plea agreement in exchange for dismissal of discharging a firearm in furtherance of a crime of violence (Count Two); convicted felon and possessed a firearm (Count Four); and possession of a sawed-off shotgun (Count Five) releasing him now would be an unwarranted substantial reduction.

The Court applauds Mediate's efforts at rehabilitation; however, releasing him early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("all a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

### III.  CONCLUSION

For the reasons stated above, Mediate's motion for compassionate release, Dkt. [96], is **DENIED**.

**SO ORDERED.**

Date: 11/27/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Logan Mediate, #12268-028
USP Victorville
U.S. Penitentiary
P.O. Box 3900
Adelanto, California  92301

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov