AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)        Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the

Southern          District of          Indiana

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No:   1:14-CR-00082-TWP-TAB |
| LOGAN MEDIATE | ) |
| | ) USM No:   12268-028 |
| | ) |
| Date of Original Judgment:        04/07/2015 | ) |
| Date of Previous Amended Judgment: | ) Theodore J. Minch (former) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of   ☒ the defendant   ☐ the Director of the Bureau of Prisons   ☐ the court under 18 U.S.C.
§ 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has
subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C.
§ 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10
and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in
the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated ____04/07/2015____ shall remain in effect.
**IT IS SO ORDERED**.

Order Date:        8/5/2024

Judge's signature

Effective Date: _____        Honorable Tanya Walton Pratt, U.S. District Court Chief Judge
*(if different from order date)*                              *Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

UNITED STATES OF AMERICA,           )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )       Case No. 1:14-cr-00082-TWP-TAB
                                    )
LOGAN MEDIATE,                      )
                                    )
                    Defendant.      )

## ORDER DENYING MOTIONS FOR REDUCTION OF SENTENCE

This matter is before the Court on Defendant Logan Mediate's ("Mr. Mediate") Motions for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582, U.S.S.G. § 1B1.10, and Amendment 821 to the Sentencing Guidelines (Dkt. 101; Dkt. 107).[1] Mr. Mediate was convicted of Tampering with a Federal Witness and Possession of a Firearm in Furtherance of a Crime of Violence (Dkt. 52). He received an aggregate sentence of 156 months' imprisonment. *Id.* at 2. He seeks a reduction of his sentence pursuant to Parts A and B to Amendment 821. Plaintiff United States of America (the "Government") has filed a Response in Opposition, in which it asserts that Mr. Mediate is ineligible for reduction because neither Part A nor Part B is applicable to him (Dkt. 109).

The Court has the authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission ("the Sentencing Commission"). In

---

[1] The Court appointed the Indiana Federal Community Defender to represent Mr. Mediate (Dkt. 102). Counsel was later granted leave to withdraw (Dkt. 105). Mr. Mediate was afforded an opportunity to supplement his petition following the withdrawal, and he filed an amended Motion on May 16, 2024 (Dkt. 107). Mr. Mediate also filed a reply brief on June 3, 2024 (Dkt. 110). Embedded within Mr. Mediate's Motions for Sentence Reduction and reply brief is a request for reconsideration of the Court's denial of his Motion for Compassionate Release. Pursuant to the Court's July 29, 2024 Order, (Dkt. 114), Mr. Mediate's request for reconsideration was re-docketed as a separate motion at Dkt. 113, and will be addressed in a separate order.

determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826 (2010). At step one, the court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id*. at 827. In making this determination the court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G. § 1B1.10. *Id*. at 828-29. If the defendant is eligible for a reduction, the court advances to the second step. At the second step, the court considers any applicable § 3553(a) factors and determines whether, in the court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id*. at 827.

As to the step one analysis under *Dillon*, the Court agrees with the Government that Mr. Mediate is ineligible for a sentence reduction because neither Part A nor Part B to Amendment 821 is applicable to him. In his Amended Motion, Mr. Mediate appears to concede these points (Dkt. 107 at 1–2 (checking the "No" box for Part A and Part B)), but the Court will nevertheless discuss whether either Part A or Part B applies to him.

In Part A, the Sentencing Commission made certain amendments to U.S.S.G. § 4A1.1, which provides the circumstances in which "status points" are added to a defendant's criminal history category calculation. *See* U.S.S.G. § 4A1.1(e). Mr. Mediate did not receive any "status points" (Dkt. 44 ¶ 39), so Part A to Amendment 821 does not change his criminal history points or his Criminal History Category.

In Part B, the Sentencing Commission added a two-offense level reduction for certain offenders with zero criminal history points under the new U.S.S.G. § 4C1.1. However, Mr. Mediate did receive criminal history points, *id*., making Part B inapplicable. Mr. Mediate states he was "told that juvenile convictions can no longer 'up' your offense." (Dkt. 107 at 2). The Court

2

recognizes that some of Mr. Mediate's criminal history points resulted from offenses committed when he was a juvenile. However, those juvenile convictions still count toward Mr. Mediate's criminal history score because they occurred within five years of the instant offense. *See* U.S.S.G § 4A1.2(d)(2) (counting both adult and juvenile offenses). Under U.S.S.G. § 4A1.2(c)(2), a "juvenile status offense"—which is conduct that would be lawful for adults but is unlawful for juveniles solely because of their juvenile status, like the purchase of alcohol—do not count toward criminal history points. *See United States v. Ward*, 71 F.3d 262, 263 (7th Cir. 1995) (defining "juvenile status offense"). But Mr. Mediate's conduct was not for "juvenile status offenses." They were adjudications for conduct that is unlawful for adults as well as juveniles (Dkt. 44 ¶¶ 36–38).

Because Parts A and B to Amendment 821 are not applicable to Mr. Mediate, his guideline range does not change, and he is not eligible for resentencing. *See* § 3581(c)(2); § 1B1.10(a)(2)(B). The Court will therefore not proceed to step two under *Dillon*. However, the Court commends Mr. Mediate for his diligent efforts toward his personal and professional growth while in custody. The Court sincerely hopes that Mr. Mediate continues those efforts and maintains good behavior until his anticipated release on March 26, 2026. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 2, 2024).

For the reasons explained above, Mr. Mediate's Motions for Reduction of Sentence (Dkt. 101; Dkt. 107) are **DENIED**. Mr. Mediate's total Criminal History Points of 5 and Criminal History Category of III remain **unchanged**.

     **SO ORDERED**.

     Date: 8/5/2024

                                                      Hon. Tanya Walton Pratt, Chief Judge
                                                      United States District Court
                                                      Southern District of Indiana

Distribution:

Logan Mediate, #12268-028
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, Pennsylvania  18472

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov